IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01967-KAS

JOSE DANIEL DIAZ COLMENAREZ,

      Petitioner,

v.

WARDEN, Denver Contract Detention Center,

      Respondent.

---

## MINUTE ORDER

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Petitioner Jose Daniel Diaz Colmenarez's amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#5] (the "Petition").

In the Petition [#5], Petitioner argues that his prolonged immigration detention without a bond hearing violates due process. *Id.* at 2. He further contends that his continued detention "without a meaningful opportunity for release or an individualized custody determination" violates due process, and his requested relief is release or, alternatively, a prompt individualized bond hearing at which the Government bears the burden of justifying continued detention. *Id.* at 5, 6. Respondent asserts that Petitioner is lawfully detained under 8 U.S.C. § 1225(b). [#12 at 1] This case presents an issue that is substantively identical to an argument the Tenth Circuit recently ruled on in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026); in that case, the Tenth Circuit agreed with the petitioner that he was entitled to a bond hearing. Moreover, in this case Respondent has not formally opposed the Petition and acknowledges that as a result, "the Court may . . . decide to grant the Petition and award appropriate relief." [#12 at 1] The Court finds that under these circumstances the Petition may be granted.

The Court further finds that the appropriate relief under the circumstances is a bond hearing. Although Petitioner requests release, this Court has previously found that "§ 1226(a) 'does not require release,' but instead 'provides DHS the discretion to grant an alien release on bond[.]'" *Kumar v. Lyons*, No. 26-cv-00913-NYW-KAS, 2026 WL 1471424, at *5 (D. Colo. Apr. 3, 2026), *report and recommendation adopted*, 2026 WL 1282807 (D. Colo. May 11, 2026). The Court reaches the same conclusion here. The Court also notes that in the absence of any argument by Respondents to the contrary, "at

the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence." *Soto-Castro v. Baltazar*, No. 26-cv-02210-KAS, 2026 WL 1579837, at *3 (D. Colo. June 2, 2026) (citing *Kumar*, 2026 WL 1471424 at *5). Accordingly,

IT IS HEREBY **ORDERED** that the Petition [#5] is **GRANTED in part**.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner with a bond hearing **within 7 days of the issuance of this Order**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER ORDERED that, **within 10 days of the issuance of this Order**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date upon which Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: July 17, 2026